```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                CIVIL NO. 21-1932(DSD/TNL)
```

United States Securities and
Exchange Commission,

       Plaintiff,

v.                                                   **ORDER**

Jason D. Bullard, Angela
Romero-Bullard, and
Bullard Enterprises, LLC,

Defendants,

DLJ Real Estate LLC,
Empire Investments LLC,
Empire Racing Stables, LLC, and
TI 13LLC,

       Relief Defendants,

Nauni Manty,

       Receiver.

This matter is before the court upon the Receiver's motion to for an order (1) entering recognized claim amounts; (2) approving the distribution plan; and (2) approving the final distribution of assets. The Securities and Exchange Commission has reviewed the motion and supports granting the relief sought.

Based on the file, record, and proceedings herein and having considered the motion, the court finds that the settlement is reasonable and provided for the recovery of

funds for the benefit of the Receivership Estate. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Receiver's motion [ECF No. 107] is granted;

2. The Receiver's determination of claims and claim priorities as set forth in the motion and its exhibits is fair and equitable and is approved;

3. For the reasons discussed in the motion, the Receiver is authorized to consolidate all Receivership Entities' (as the term is defined in the motion) assets and liabilities for all purposes, including for payment of administrative costs, for receipt of third-party recoveries, and for making distributions to holders of allowed claims;

4. For the reasons discussed in the motion and under the circumstances of this Receivership, the net investment method as set forth in the motion and its exhibits is the appropriate method for calculating allowed amounts for investors' claims;

5. The plan of distribution as set forth in section IV of the motion is logical, fair, and reasonable and is approved; and

6. To bring finality to these matters and to allow the Receiver to proceed with distributions of Receivership assets, any and all further claims against Receivership Entities, Receivership Property, the Receivership or the

Receiver by any claimant, taxing authority, or any other public or private person or entity and any and all proceedings or other efforts to enforce or otherwise collect on any lien, debt, or other asserted interest in or against Receivership Entities, Receivership property, or the Receivership estate are hereby barred and enjoined absent further order from the court.

Dated: July 2, 2024

                                      s/David S. Doty
                                      David S. Doty, Judge
                                      United States District Court