# UNITED STATES DISTRICT COURT
## District of Minnesota

| | |
|---|---|
| United States Securities and Exchange Commission, | **JUDGMENT IN A CIVIL CASE** |
| Plaintiff, | |
| v. | Case Number: 21-cv-1932 DSD/TNL |
| Jason Dodd Bullard, Angela Romero-Bullard, Bullard Enterprises LLC, | |
| Defendants, | |
| and | |
| DLJ Real Estate L.L.C, Empire Investments L.L.C., Empire Racing Stables L.L.C., TI 13 L.L.C., | |
| Relief Defendants. | |

☐ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the Exchange Act) [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (a) to employ any device, scheme, or artifice to defraud; (b) to make any untrue statement of a material fact or to

omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

2. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

3. Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the Securities Act) [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: (a) to employ any device, scheme, or artifice to defraud; (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

4. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Consent Judgment by personal service or otherwise:

(a) Defendants' officers, agents, servants, employees, and attorneys; and

(b) other persons in active concert or participation with Defendant or with anyone described in (a).

5. Defendants are liable for disgorgement of ill-gotten gains, jointly and severally in

the amount of $1,167,542, plus prejudgment interest of $238,660.66, for a total of $1,406,202.66, and that this amount is deemed satisfied as to all Defendants by the criminal restitution order of $3,108,312.24 in U.S. v. Jason Dodd Bullard, No. 23-cr-117 (KMM) (D. Minn.), ECF 40.

6. Defendant Romero-Bullard shall pay a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] in the amount of $230,464.

7. Defendant Romero-Bullard may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to

> Enterprise Services Center Accounts
> Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this court; Angela Romero-Bullard as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

8. Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

9. The SEC may enforce the court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any court orders issued in this action. Defendant shall pay post- judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 USC § 1961.

10. The SEC may propose a plan to distribute the Fund subject to the court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an order of the court.

11. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that [it, he, she] is entitled to, nor shall [it, he, she] further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action (Penalty Offset). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the SEC's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the SEC directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this judgment. For purposes of this paragraph, a "Related Investor

Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

12. Civil penalties as to Defendant Bullard are waived in light of the sentence of incarceration imposed on him in U.S. v. Jason Dodd Bullard, No. 23-cr-117 (KMM) (D. Minn.), ECF 40, and that no civil penalty shall be imposed against Defendant Bullard Enterprises because it is now a defunct entity.

13. The consents of Defendants, ECF 30-32, are incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth within her consent.

14. Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

15. The court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this judgment, and that all orders entered to date shall remain in effect until otherwise ordered by the court.

Date: 2/25/2025                                                          KATE M. FOGARTY, CLERK